```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA

HUBERT FONT,                    :
                                :
        Plaintiff               :    No. 4:CV-05-0277
                                :
    vs.                         :    (Complaint Filed 02/08/04)
                                :
                                :    (Judge Muir)
PENNSYLVANIA STATE POLICE,      :
et al.,                         :
                                :
        Defendants              :
```

**ORDER #2 of**

January 13, 2006

**BACKGROUND**

Plaintiff, an inmate presently confined in the State Correctional Institution, Albion, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He complains of incidents which occurred during his arrest on June 20, 2003. The plaintiff names as defendants the Commonwealth of Pennsylvania, the Pennsylvania State Police, State Trooper Corey Wetzel and four John Doe Troopers.

Plaintiff alleges that on June 20, 2003, he was arrested by an unidentified Pennsylvania State Police Trooper, who was "not in uniform and failed to identify himself as a police officer." (Doc. No. 1, complaint). Plaintiff claims that this officer "entered [his] house asked [him] who [he] was and put his hand on [plaintiff] in an aggressive and threatening manner." Id.

Because plaintiff did not know he was a police officer and was "in fear for [his] safety [he] began to fight with him" and a "brief struggle ensued during which a second man put his hands on [plaintiff] and a third came in the back door." Id. Plaintiff claims that "when [he] saw the other two had uniforms on and that they were the police, [he] immediately stopped fighting and did not resist arrest." Id. The police allegedly "drug [plaintiff] outside and threw [him] face down into an asphalt driveway, then turned [him] over and sprayed [him] with pepper spray", even though he "was not resisting or fighting with them when they sprayed [him] and it was not necessary." Id.

Plaintiff was then taken to the State Police barracks where a plaint clothes officer "came in and made a remark about [plaintiff] fighting with the Trooper who arrested [him] and began to kick [plaintiff] in the head and beat [him] severely" while still handcuffed and shackled. Id. Font states that "there were three other troopers present who watched the assault and did nothing to stop it." Id.

Font claims that "after the assault, Trooper Corey Wetzel, took [him] to the Luzerne County Prison to be committed." He states that "upon arriving there the medical staff noticed that [plaintiff] had severe injuries and asked Trooper Wetzel if [he]

2

had been taken to the hospital" and Trooper Wetzel responded that "yes, he had personally taken [plaintiff] to a hospital." However, when asked if he had the paperwork from the hospital, the Trooper responded that he did not have any paperwork. Plaintiff claims that this is because Trooper Wetzel "never took [plaintiff] to the a hospital and the medical staff at the prison realized this immediately, so they took several photographs of [plaintiff's] injuries to document that they had occurred before [he] reached the prison." Id.

As a result of the alleged assault, plaintiff claims to have "spent the several days following with blurred vision and months with bad tremors and headaches" and has since been "diagnosed with severe and permanent nerve damage." Id. He also "continues to have pain, numbness and weakness in [his] extremities, blurred vision and headaches" and is still be treated for "effects of the assault". Id.

The plaintiff filed the instant action in which he seeks compensatory and punitive damages for the excessive use of force by the law enforcement officials effectuating his arrest. Id.

Presently before the Court is a motion to dismiss filed by defendants, the Pennsylvania State Police and Trooper Corey

3

Wetzel.[1]  (Doc. No. 12).   On May 23, 2005, plaintiff filed a brief in opposition to the defendants' motion (Doc. No. 18) and on September 20, 2005, plaintiff filed a motion to withdraw defendants the Commonwealth of Pennsylvania and the Pennsylvania State Police.  (Doc. 30).  Plaintiff's motion will be granted. For the reasons set forth below, the motion to dismiss defendant Wetzel will be denied.

Additionally, with respect to the named four John Doe defendants, such defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed."  Johnson vs. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted).  Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them.  Scheetz vs. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no

---

1. The four John Doe defendants are not included in the pending motion to dismiss. Under separate motion, defendants' counsel has moved to withdraw as counsel for the four John Doe defendants, having mistakenly entered a waiver of service on behalf of these defendants. (See Doc. No. 20). The motion will be granted. Additionally, plaintiff's motion for entry of default against the four John Doe defendants will be denied. See 42 U.S.C. § 1997e(g)(1); Gaines vs. Gaston, 1998 WL 574380.

identities."). Based on this Court's review of the record, although this action was filed approximately some eleven months ago, plaintiff has not yet provided this Court with the identities of the John Doe defendants. Thus, the plaintiff will be granted thirty (30) days from the date of this order in which to properly provide the names of the John Doe defendants. If Font fails to timely identify those defendants, they shall be dismissed from this action.

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford vs. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that

5

"no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz vs. Sorema N.A., 534 U.S. 506, 514 (2002). Consistent with these principles, the court must grant leave to amend before dismissing a claim that is merely deficient. See Shane vs. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

Plaintiff alleges that he was subjected to excessive force by defendants during the course of his arrest. This claim is grounded in the Fourth Amendment's prohibition against unreasonable seizures of the person. A claim of excessive force used to effect an arrest is to be analyzed under a Fourth Amendment standard. Tennessee vs. Garner, 471 U.S. 1 (1985).[2] In particular, in Graham vs. Connor, 490 U.S. 386 (1989), the Supreme Court held that all claims asserting that law enforcement officers have used excessive force, either deadly or non-deadly, in the course of an arrest, investigatory stop, or

---

2. This is so in that the Fourth Amendment provides an explicit textual source of constitutional protection against such intrusive governmental conduct and thus should be the guide for analyzing such claims as opposed to the generalized idea of substantive due process. Graham vs. Connor, 490 U.S. 386, 394 (1989). A claim of excessive force to subdue a convicted person, however, is analyzed under a less protective Eighth Amendment standard which applies only after the State has complied with the constitutional guarantees associated with criminal prosecutions. If, at the time, plaintiff was not an incarcerated person, his complaint of excessive force would not arise under the Eighth Amendment.

the seizure of a free citizen should be analyzed under the Fourth Amendment's objective reasonableness standard rather than under a substantive due process analysis. Graham, 490 U.S. at 394; see also In re: City of Philadelphia Litigation, 49 F.3d 945 (3d Cir.), cert. denied, 116 S.Ct. 176 (1995).

The reasonableness of a particular use of force under this test must be judged from the perspective of a reasonable officer on the scene and must take into consideration the fact that police officers are often times forced to make on-the-spot decisions with respect to the amount of force required in circumstances that are both tense and quickly changing. The officer's intent or motivation is not a factor under this test. In determining whether the force used is reasonable under the Fourth Amendment, the test incorporates a balancing of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests. Graham, 490 U.S. at 396. In gauging the reasonableness of an officer's actions, the Court identified certain factors to be considered: 1) the severity of the crime; 2) whether the suspect poses any immediate threat to the safety of the officers or others and 3) whether the suspect is resisting arrest or is attempting to flee. Id.

Defendant Wetzel moves to dismiss plaintiff's complaint on the basis that he was not present during plaintiff's arrest and alleged assault and, therefore was not in a position to protect plaintiff from being harmed. (See Doc. No. 13, p. 5). While the Court agrees that plaintiff's complaint does not implicate defendant Wetzel, until after the assault, plaintiff states in his brief in opposition that defendant Wetzel was "present in the barracks area when plaintiff was assaulted and was aware of the assault during its occurrence and after" and "personally observed the serious nature of plaintiff's injuries and failed to report the assault by other Troopers to his superiors in an attempt to cover up the incident." (Doc. No. 18). Thus, the allegations viewed in the light most favorable to plaintiff, provide adequate notice of a valid claim under 42 U.S.C. § 1983 for violations of the Fourth Amendment. Sharrar vs. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).

Relief is also potentially available under 42 U.S.C. § 1983 for Fourteenth Amendment violations related to the defendant's alleged failure to treat plaintiff for his injuries following the arrest. The Due Process Clause imposes upon officials an obligation to provide medical care for those in their custody. Natale vs. Camden County Corr. Facility, 318 F.3d 575, 581-83 (3d Cir. 2003); see also Kneipp v. Tedder, 95 F.3d 1199, 1204

(3d Cir. 1996). The plaintiff alleges that he suffered serious injuries from the officers' assault and was not treated for these injuries. Having taken plaintiff into custody, the officers arguably had a duty to secure medical care for him, or at least to avoid exposing him to greater harm. See id. Thus, any claim under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment may proceed.

**IT IS HEREBY ORDERED THAT:**

1. The motion to dismiss defendant Wetzel (Doc. No. 12) is **DENIED**.

2. Defendant Wetzel is directed to file an answer to the complaint or other responsive pleading within twenty (20) days of the date of this order

3. The concurred in motion to dismiss the Pennsylvania State Police (Doc. No. 12) is **GRANTED**.

4. The plaintiff's motion to withdraw the Commonwealth of Pennsylvania as a named defendant (Doc. No. 30) is **GRANTED**.

5. The motion to withdraw the appearance of Deputy Attorney General Timothy P. Keating, on behalf of the four John Doe Defendants, in the above captioned action (Doc. No. 20) is **GRANTED**. The Clerk of Courts is directed to withdraw Deputy Attorney General Timothy P. Keating, as counsel of record for the four John Doe defendants.

6. Plaintiff's motion for the entry of default against the four John Doe defendants (Doc. No. 17) is **DENIED**.

7.  The plaintiff has thirty (30) days from the date of this order in which to properly provide the names of the John Doe defendants. Failure to timely identify those defendants will result in them being dismissed from this action.

8.  Plaintiff's motion to amend his complaint to add the claim of "unnecessary use of a dangerously large amount of pepper spray on plaintiff" and to properly name the defendants, (Doc. No. 29) is **DISMISSED** as moot, as the claim plaintiff attempts to add is already contained in his original complaint, and by virtue of No. 7 of this Order, the plaintiff has been given the opportunity to properly name the John Doe defendants.

>   s/Malcolm Muir
>   MUIR
>   United States District Judge