```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA

HUBERT FONT,                       :
                                   :
        Plaintiff                  :    No. 4:CV-05-1226
                                   :
    vs.                            :    (Complaint Filed 06/20/05)
                                   :
                                   :    (Judge Muir)
LUZERNE COUNTY, et al.,            :
                                   :
        Defendants                 :
```

**ORDER**

July 19, 2006

**BACKGROUND**

On June 20, 2005, plaintiff, an inmate formerly confined in the Luzerne County Prison[1], filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. The only named defendants were Luzerne County, Pennsylvania and the Warden of the Luzerne County Prison. Along with his complaint, plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915.

By Order dated July 12, 2005, plaintiff's complaint was screened pursuant to Section 1915,[2] of the Prison Litigation

---

1. Plaintiff currently resides at 39 Wayne Street, West Hazleton, Pennsylvania.

2. Section 1915(e)(2) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) Doc. No. 7). Plaintiff's motion to proceed in forma pauperis was construed as a motion to proceed without full prepayment of fees and costs and the motion was granted. Id. Finding that plaintiff's complaint failed to properly aver any personal involvement by any of the named defendants in the complaint, the Court dismissed plaintiff's complaint, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Id.

On July 21, 2005, plaintiff filed a motion for reconsideration of this Court's July 12, 2005 Order. (Doc. No. 8). In his motion for reconsideration, plaintiff states that "he could not at the time of filing, name the individual corrections officers and medical personnel by name", but believes that he "should be given the chance to amend [his complaint] and add the additional defendants." (Doc. No. 8). Thus, it appeared that the plaintiff in an amended complaint could name and describe the defendants' personal involvement in the alleged misdeeds, and an amended complaint may be filed once as of right before an answer is filed. See Fed. R. Civ. P. 15.

---

the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

By Order dated August 11, 2005, plaintiff's motion for reconsideration was granted and plaintiff was granted an opportunity to file an amended complaint. (Doc. No. 14).

On August 29, 2005, plaintiff filed an amended complaint. (Doc. No. 16). He names as defendants Luzerne County, Gene Fishi, Nurse Sherry, Corrections Officers John Does #1-4, Physician's Assistant, John Doe #5, Doctor John Doe #6, Corey D. Wetzel, and the Commonwealth of Pennsylvania.

Presently before the court is plaintiff's proposed amended complaint, and a motion to dismiss the amended complaint, filed by defendants Wetzel and the Commonwealth of Pennsylvania. (Doc. No. 18). Plaintiff concurs with the dismissal of the Commonwealth of Pennsylvania. Thus, the Commonwealth of Pennsylvania will be dismissed as a defendant in this action. For the reasons set forth below, defendant Wetzel's motion to dismiss will be granted, defendants Luzerne County and Warden Fishy will be dismissed, and the remainder of plaintiff's amended complaint will be consolidated into Font vs. Pennsylvania State Police et al, Civil No. 4:05-CV-0277.

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted.  See FED.R.CIV.P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Langford vs. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action."  Id.  The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz vs. Sorema N.A., 534 U.S. 506, 514 (2002).

"In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  Jordan vs. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The court, however, need not accept "bald assertions" or "legal conclusions."  Morse vs. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" to breathe life into an otherwise defective complaint. Gooley vs. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Consistent with these principles, the court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane vs. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**Discussion**

Defendant Wetzel contends that Font's complaint should be dismissed as duplicative of Font vs. Pennsylvania State Police et al, Civil No. 4:05-CV-0277.

On February 8, 2005, plaintiff filed Civil No. 4:05-CV-0277. The named defendants in Civil No. 4:05-CV-0277 are the Commonwealth of Pennsylvania, the Pennsylvania State Police, State Trooper Corey Wetzel and four John Doe Troopers. The plaintiff's complaint in Civil No. 4:05-0277 centers around plaintiff's June 20, 2003, arrest and alleged assault during his arrest. Font claims that "after the assault, Trooper Corey Wetzel, took [him] to the Luzerne County Prison to be committed." See Civil No. 4:05-0277, Doc. No. 1, complaint. He states that "upon arriving there the medical staff noticed that [plaintiff] had severe injuries and asked Trooper Wetzel if [he]

had been taken to the hospital" and Trooper Wetzel responded that "yes, he had personally taken [plaintiff] to a hospital." However, when asked if he had the paperwork from the hospital, the Trooper responded that he did not have any paperwork. Plaintiff claims that this is because Trooper Wetzel "never took [plaintiff] to the a hospital and the medical staff at the prison realized this immediately, so they took several photographs of [plaintiff's] injuries to document that they had occurred before [he] reached the prison." Id.

As a result of the alleged assault, plaintiff claims to have "spent the several days following with blurred vision and months with bad tremors and headaches" and has since been "diagnosed with severe and permanent nerve damage." Id. He also "continues to have pain, numbness and weakness in [his] extremities, blurred vision and headaches" and is still be treated for "effects of the assault". Id.

In the amended complaint filed in the instant action, plaintiff alleges that on June 20, 2003, after his arrest, he was taken to the Luzerne County Prison by Trooper Wetzel, even though he "had severe and obviously visible injuries including bleeding, trauma to the head and seizures which were end result of his arrest." (Doc. No. 16). Plaintiff claims that "at no time prior to taking plaintiff to 'LCCF' did defendant Wetzel

6

attempt to or offer to provide plaintiff with medical treatment in an obvious attempt to cover up the use of excessive force on plaintiff by other troopers." Id. Plaintiff claims that, once at the prison, Wetzel "told defendant Sherry that he had personally taken plaintiff to a hospital" Id. Plaintiff states that "this is patently false" and that this "false statement that [Wetzel] had taken plaintiff to a hospital was a deliberate attempt to cover up the use of excessive force against plaintiff and as such subjects defendant Wetzel to liability under § 1983." Id.

Plaintiff claims that "defendant Sherry then cleaned plaintiff's injuries and asked plaintiff how he sustained the injuries, plaintiff informed her that he had been assaulted by Troopers of the PA. State Police while handcuffed and shackled to a bench." Id. Plaintiff "contends that the obvious nature of his injuries were recognized by defendant Sherry and at the very least she should have directed that plaintiff be housed in the prison infirmary or observation unit until it could be determined that plaintiff was not in any immediate danger from his head injuries, but instead defendant Sherry allowed corrections staff to place plaintiff in a general population housing unit with no notice to corrections staff that plaintiff had incurred head trauma and could possibly have a concussion

7

and should be periodically checked by corrections or medical staff. Id. Thus, plaintiff believes that "as such, defendant Sherry's actions further constitute deliberate indifference." Id.

Plaintiff claims that while in general population he was continually assaulted by other inmates. Id. He claims that "after enduring numerous assaults over a period of more than 24 hours", he was then "moved to safety" and placed in protective custody. Id. For relief, plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The allegations set forth in both of plaintiff's actions are similar if not identical, and defendant Wetzel is named in both actions. Consequently, since the actions contain common factors of law and fact, defendant Wetzel's motion to dismiss the complaint as duplicative will be granted and this court will order the consolidation of the two actions pursuant to Rule

8

42(a) and will proceed with the consolidated matter under plaintiff's initially filed action, Civil No. 4:05-CV-0277.

Finally, with respect to defendants Warden Fishi and Luzerne County, the plaintiff fails to allege that the Warden of the Luzerne County Prison was personally involved in his medical treatment. Neither has he alleged that the Warden had knowledge of the prison medical staff's treatment for him. Rather, plaintiff premises the Warden's liability solely on the theory of respondeat superior. As discussed in our Order of July 12, 2005, (See Doc. No. 7), liability under § 1983 cannot be based on respondeat superior. Capone vs. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton vs. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Moreover, a claim of deliberate indifference to the plaintiff's medical needs cannot lie against the Warden, a non-physician, because the plaintiff alleges that he was under the care of a prison physician. Durmer vs. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

With respect to defendant, Luzerne County, although it is recognized that the plaintiff is not held to a "heightened" standard of pleading in his claim against the municipality, Leatherman vs. Tarrant County, 507 U.S. 163 (1993); Verney vs. Pennsylvania Turnpike Commission, 881 F. Supp. 145 (M.D. Pa. 1995), the plaintiff's amended complaint once again fails to set

forth any allegations whatsoever that Luzerne County undertook any act pursuant to an official municipal policy of some nature which caused a Constitutional tort. See Monell vs. Department of Social Servs., 436 U.S. 658, 690-91 (1978); see also Board of County Comm'rs of Bryan County, OK vs. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1388-89 (1997); Roman vs. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano vs. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

Moreover, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of respondeat superior. Bryan County, 117 S. Ct. at 1388; City of Canton vs. Harris, 489 U.S. 378, 392 (1989); City of St. Louis vs. Praprotnik, 485 U.S. 112, 121-22 (1988); Pembaur vs. Cincinnati, 475 U.S. 469, 478-79 (1986); Oklahoma City vs. Tuttle, 471 U.S. 808, 818, reh'g denied, 473 U.S. 925 (1985); Monell, 436 U.S. at 691; Beck vs. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996), cert. denied, 519 U.S. 1151, 117 S. Ct. 1086 (1997); Andrews vs. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

A review of the complaint reveals that plaintiff has not alleged that anyone in the Luzerne County government ever promulgated a policy of indifference to his constitutional rights, and he has not alleged that county officials ever

10

violated the rights of anyone but himself.  See St. Louis vs. Praprotnik, 485 U.S. 112, 128 (1988).  Therefore, the claims against Luzerne County will be again be dismissed as legally frivolous.

IT IS HEREBY ORDERED THAT:

1. The concurred in motion to dismiss the Commonwealth of Pennsylvania(Doc. No. 18) is **GRANTED**.

2. Defendant Wetzel's motion to dismiss plaintiff's amended complaint as duplicative (Doc. No 18), is **GRANTED**.

3. The amended complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as to defendants, Luzerne County and Gene Fishy.

4. The Clerk of Court is directed to consolidate Font vs. Luzerne County, Civil No. 4:05-CV-1226 into Font vs. Pennsylvania State Police et al, Civil No. 4:05-CV-0277, pursuant to Federal Rule of Civil Procedure 42(a).

5. The Clerk of Court is directed to close the case of Font vs. Luzerne County, Civil No. 4:05-CV-1226.

6. The Clerk of Court is directed to serve the amended complaint on Nurse Sherry, the only new defendant identified in the amended complaint.

7. The plaintiff has thirty (30) days from the date of this order in which to properly provide the names of the John Doe defendants referred to in the amended complaint. Failure to timely identify those defendants will

> result in them being dismissed from this action.

8. Plaintiff's motions for production of documents and for temporary restraining order (Doc. Nos. 24, 25) are **DISMISSED** as moot.

> s/Malcolm Muir
> MUIR
> United States District Judge